(76 South. 215)

No. 21807.

PHILLIPS v. THOMPSON.

(March 12, 1917.  On Rehearing, June 30, 1917.)

*(Syllabus by the Court.)*

1. EXECUTION &#8258;172(7)—COSTS—IMPOSITION.

Where the owner of property enjoins the seizure and sale thereof on the ground of illegality, and on appeal the seizing creditor releases the property seized, the costs of the district and appellate courts must be paid by the defendant, the seizing creditor.

2. EXECUTION &#8258;172(7)—COSTS—RIGHT TO.

Where it is shown that the seized debtor fraudulently covered his property so as to prevent a certain judgment from being executed, such seized debtor will not be entitled to attorneys' fees as damages in suing out an injunction to prevent the seizure and sale of property alleged by him to have been illegally seized by his judgment creditor.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action by Joel Phillips against W. M. Thompson. From the judgment, plaintiff appeals.  Affirmed.

Elam & Lee, of Mansfield, for appellant. Parsons & Cook, of Mansfield, for appellee.

PROVOSTY, J.  A seizure having been levied, plaintiff enjoined it, on the ground that the objects seized were attached to a farm and could not legally be seized separately from the farm, and that, moreover, some of them were exempt from seizure under the homestead law; and plaintiff claimed $150 damages for the illegal seizure.  Since the appeal was taken the plaintiff in execution has received payment of his judgment from Mr. Lee, one of the attorneys of the plaintiff in injunction, and transferred the judgment to Mr. Lee, and authorized the seizure to be released, so far as he, the seizing creditor, is concerned.  If this payment has been made by defendant in execution or for his account, and the judgment has, as a consequence, ceased to operate as a judgment, the case no longer comes within the jurisdiction of this court, but that of the Court of Appeals.  We have therefore to transfer it to that court; but, should it be made to appear, on application for a rehearing, that the said payment was not made by defendant in execution or for his account, the case will be reinstated for further consideration.

It is therefore ordered that this case be transferred to the Court of Appeals for the

parish of De Soto; the costs of this court to be paid by appellant.

SOMMERVILLE, J., concurs.

## On Rehearing.

SOMMERVILLE, J. It was made to appear that the payment of the judgment hereinbefore referred to was not made by defendant in execution, or for his account, but that said judgment was bought by E. P. Lee, counsel for defendant in execution, for his own account; and the case was reinstated for further consideration.

[1] This suit was for an injunction to avoid a seizure made by the plaintiff in the case of Thompson v. Phillips. It was filed September 29, 1915, and put at issue shortly thereafter. When the case was called for trial, November 29, 1915, defendant admitted that part of the property seized was exempt from seizure as being part of defendant's homestead, and on January 17, 1917, defendant, in this suit and in this court, alleged he had "been paid the full amount due him on the judgment under which the seizure was made by E. P. Lee, attorney for the appellant, Joel Phillips," and that 'as he had "no further interest in said judgment, authorized, so far as he was concerned, the release from seizure of all property that may yet be in the hands of the sheriff under said levy."

As this suit was simply to enjoin the plaintiff in execution in the former suit from selling the property seized under a writ of fi. fa. in that suit, there remains only the claim of $150 damages to be considered.

These damages are set forth in the petition to be $100 for attorney's fees and $50 for worry and loss of time caused by the illegal seizure of plaintiff's property. The claim was not allowed in the district court.

Plaintiff in injunction was the only witness on the trial of the cause; and, with reference to the damages claimed, he testified that he had agreed to pay his attorneys $150, instead of the $100 alleged in his petition to be due to his attorneys. And in support of his claim for $50 for worry and loss of time he said that he had made six trips to the courthouse, and that the suit had caused him anxiety and worry, and that he had been sick on account of it. The last item of damages was not proved, and the claim of attorneys' fees will not be allowed. The judgment of the district court rejecting the claim for attorney's fees will be affirmed, as the evidence shows that this is an exceptional case, and that Phillips was largely responsible for the action of W. M. Thompson in seizing the property involved.

[2] Thompson had been supplying Phillips to run a small farm, and when Thompson asked for a note for the money due him, Phillips said:

"Mr. Thompson got me scared of him the way he acted with me."

While Phillips was on the stand he testified that as soon as W. M. Thompson had instituted suit against him, he made plans to cover up and protect himself against Mr. Thompson. To shield himself from the suit of Thompson, he admitted that he had changed a mortgage on his place from $1,200 or $1,300 to $1,900, because "Mr. Thompson sued me," and, that he had put a crop lien for $1,000 on the place in favor of a Mr. Miller, who did not furnish him with any supplies. Mr. Miller did not record this crop lien; but the attorneys for Phillips recorded it. He also gave a chattel mortgage to one of his counsel "for my own protection." He admitted that he did not owe his counsel anything whatever. He answered "Yes, sir," to the following question:

"All of these transactions, the raising of this mortgage on your real estate from $1,300 to $1,900, and the placing of a $1,000 crop lien on the records, and placing a chattel mortgage for $400 or $500 on your stock, was all for the pur-

pose of protecting you; was that true; against a judgment Mr. Thompson had secured against you; is that correct?"

He also testified that he had given another mortgage, a second mortgage, to a creditor. Under these circumstances the judgment creditor will not be mulcted in damages for wrongfully seizing some property belonging to his judgment debtor who admittedly covered up his property so as to protect himself and it from any judgment that might be rendered against him, by raising an existing mortgage to a fictitious amount, by recording a crop lien for $1,000 in favor of a third person who did not owe him anything or agree to furnish him supplies, and the giving of a chattel mortgage on all of his live stock to one to whom he owed nothing. Plaintiff is not entitled to damages for the illegal seizure under such circumstances.

The judgment appealed from was in favor of defendant to the extent of declaring a certain portion of the property seized exempt from seizure as homestead property; and in other respects the demands of the plaintiff were granted. Some of the property seized was exempt from seizure separate from the land to which it was attached under article 645, C. P. As defendant here, plaintiff in execution in the other suit, has released all of the articles seized, it becomes unnecessary to declare whether they were illegally seized or not. The judgment will be amended by giving a judgment in favor of plaintiff and against defendant as prayed for, except for the $150 claimed as damages.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by maintaining the injunction sued out for all the property described in plaintiff's petition; and, as thus amended, the judgment appealed from is affirmed; costs to be paid by defendant in both courts.

LECHE, J., takes no part.